**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**SHALONDA CAMPBELL
ADC #710039**                                                          **PLAINTIFF**

**V.**                     **No. 1:11CV00088 DPM-BD**

**JOHNNY JOHNSTON,** *et al.*                                   **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.**     **Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall Jr. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail all objections and any "statement of necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## II.     Background:

Shalonda Campbell, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit pro se under 42 U.S.C. § 1983.  (Docket entry #2)  She claims that Defendants Johnson, Jones, and Ashby used excessive force against her in violation of her Eighth Amendment rights.

Defendants have now moved for summary judgment, arguing that Ms. Campbell failed to exhaust her administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"), before filing this lawsuit.  (#39)  Ms. Campbell has not responded to the motion, and the time to do so has passed.

Based on the undisputed evidence presented, the Court recommends that Ms. Campbell's claims be DISMISSED, without prejudice, for failure to exhaust her administrative remedies.

## III.    Discussion:

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine dispute as to any material fact. FED.R.CIV.P. 56.  Failure to exhaust is an affirmative defense, so it is the Defendants' burden to show that Ms. Campbell did not exhaust her administrative remedies before she

filed this lawsuit.  Once they meet this burden, however, Ms. Campbell is obligated to come forward with evidence showing that she did indeed exhaust.  This is because the law requires prisoners to exhaust all available administrative remedies before turning to the courts.  42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 738, 121 S.Ct. 1819 (2001) (holding that available remedies "must be exhausted before a complaint under § 1983 may be entertained").

For purposes of § 1983, an "available remedy" is one that is "capable of use for the accomplishment of a purpose; immediately utilizable [and] accessible." *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001).  And it does not matter that the prisoner subjectively believed that there was no point in pursuing her administrative remedies.  *Lyon v. Vande Krol*, 305 F.3d 806, 808–09 (8th Cir. 2002); *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000), cert. denied 531 U.S. 1156 (2001).  If exhaustion is not completed by the time the lawsuit is filed, the Court must dismiss all unexhausted claims.  *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

Prisoners can be excused from exhausting administrative remedies, but only when correction officials have prevented them from using grievance procedures or when the officials themselves have not complied with the administrative procedures.  *Miller v. Norris*, 247 F.3d at 740; *Foulk v. Charrier*, 262 F.3d 687, 697–98 (8th Cir. 2001).  That is not the case here.

Under the ADC grievance procure, an inmate must first file an informal resolution. (#41-1 at p.8)  If the inmate is not satisfied with the response to the informal resolution, she may then file a formal grievance with the warden.  (#41-1 at pp.8-9)  After receiving the warden's response, the inmate may appeal that decision to the deputy director of the ADC.  (#41-1 at p.11)  An inmate must appeal the warden's decision to the deputy director in order to fully exhaust her administrative remedies.

Here, it is undisputed that Ms. Campbell fully exhausted only one grievance.  (#41-1 at pp.2-3)  In that grievance, she did not mention any of the Defendants named in this lawsuit; nor did she mention the events giving rise to this lawsuit.  (#41-1 at p.36)  She has not come forward with any evidence to rebut the Defendants' evidence showing that she did not exhaust her claims; and she has not argued or provided evidence that she was prohibited from pursuing administrative remedies.  Because the undisputed evidence shows that Ms. Campbell did not fully exhaust a grievance against any of the named Defendants, her claims must be dismissed, without prejudice.

IV.    **Conclusion:**

The Court recommends that the motion for summary judgment (#39) be GRANTED and that Ms. Campbell's claims be DISMISSED, without prejudice.

DATED this 17th day of July, 2012.

_____
UNITED STATES MAGISTRATE JUDGE